# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| E.V. DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-099 |
| | ) | |
| TRAVELERS COMMERCIAL | ) | |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

By order of May 8, 2020, the Court expressed concern regarding Plaintiff Drake's past pattern of voluminous filings across multiple federal districts and his designation by the Eastern District of Texas as a vexatious litigant. Doc. 5. That district has imposed restrictions on Drake's ability to file new claims without first seeking permission of the court. *See Drake v. Travelers Indem. Co., et al.,* CV 2:11-318, doc. 11 at 6 (E.D. Tex. Mar. 16, 2012); *Drake v. Bank of America,* CV2:11-515, doc. 13 at 6 (E.D. Tex. Mar. 16, 2012); *Drake v. Travels Cas. Ins., Co., et al.*, CV 2:11-516, doc. 14 at 6 (E.D. Tex. Mar 16, 2012). Filing restrictions have

also been imposed by the Northern District of Texas. *See Drake v. Nordstrom Dept. Stores*, CV3:18-471, doc. 5 (N.D. Tex. Mar. 1, 2018) *adopted*, doc. 5 (N.D. Tex. Mar. 1, 2018) (imposing the sanction of the Eastern District of Texas); *Drake v. Safeway*, CV3:20-344, doc. 5 (N.D. Tex. Feb. 14, 2020) *adopted* doc. 20, (N.D. Tex. April 13, 2020)(same). Noting that the Northern District of Texas is likely a more appropriate venue for this action and suspecting that plaintiff filed in this district as a means of circumventing an order of its sister court, the Court ordered him to show cause as to why this district should not also honor the determination of the Eastern District of Texas and impose filing restrictions. *See* doc. 5. Drake has filed a response to the Court's show cause order. Doc. 6. He has also objected to the continued involvement of the undersigned in this case, which the court construes as a motion for recusal. *Id*. at 1; *see also* doc. 7. For the following reasons, the Court **RECOMMENDS** that filing restrictions be imposed against Drake in all pending and future cases before this Court. The Court also **DENIES** the motion for recusal.

Drake appears to have misconstrued the Court's show cause order, which sought information, as an order imposing sanctions. Rather than

addressing the Court's concerns, he questioned the validity of the order for not including a copy of the referenced orders of other districts imposing filing restrictions, attempted to impose requirements on the Court to justify its order, and threated to bring litigation against the undersigned. *See* doc 6. The Court has no obligation to provide copies of publicly available documents it cites, such as the orders of the Eastern and Northern Districts of Texas. This is particularly the case when such orders were issued in cases to which Drake was a party. In fact, there can be no doubt that he is familiar with the referenced restrictions as he previously filed a case in this district against the judges and court personnel involved in their issuance.[1] *See Drake v. ACCC Ins. Co., et al.*, CV2:18-098, doc. 1 (S.D. Ga. Aug. 16, 2018) (suing multiple state and federal judges and court personnel involved in cases finding plaintiff to be a vexatious litigant). It is inconceivable that Drake would bring a lawsuit based on having been deemed a vexatious litigant without being familiar with the legal orders making such designation; however, even if this Court were to suspend all disbelief, the show cause order provided

---

[1] Plaintiff has also sought to amend his complaint to bring claims against the undersigned and other judges related to the filing restrictions imposed by the Eastern District of Texas. *See* doc. 8.

him with citations that would have allowed easy access to the relevant orders.[2]  *See* doc. 5 at 5–7.  As such, Drake's ability to properly respond to the show cause order was in no way inhibited by the Court not providing copies of the Northern and Eastern Districts of Texas' orders.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*).  As expressed in its show cause order, the Court was and is concerned by Drake's pattern of prolific filings across multiple districts, which are often based on questionable representations of his domicile.  *See* doc. 5 at 4–5.  Plaintiff has also filed nearly identical cases in multiple districts in an apparent effort to avoid filing restrictions in a more proper venue.  *Id*. at 6–7; *compare Drake v. Travelers Indem. Co., et al.*, CV1:18-4296, doc. 3 (N.D. Ga. 2018) and *Drake v. Travelers Indem. Co., et al.*, CV2:19-346, doc. 9 (E.D. Tex. 2019) *with*

---

[2] The Court notes that plaintiff has previously attested in another matter to his use of and familiarity with the Public Access to Court Electronic Records (PACER) system. *See Drake v. ACCC Ins. Co., et al.*, CV2:18-098, doc. 1-3 at 1 (S.D. Ga. Aug. 16, 2018) (acknowledging that he is able to download documents from PACER).

doc. 1. Drake's response does nothing to resolve these concerns; rather, it gives them greater credence.

As Drake has displayed a willingness to abuse the courts, filing restrictions are appropriate. It is well-settled that the Court has the authority to protect itself against persistently frivolous litigation. Such filings, like Drake's, do nothing but impair this Court's ability to adjudicate the legitimate claims of other litigants, and the Court has the power and obligation to protect itself. *See, e.g., Procup*, 792 F.2d at 1073–74 (*en banc*). It is obvious that the warnings of other districts failed to dissuade plaintiff's abusive behavior. Therefore, more extreme action is warranted. It is **RECOMMENDED** that the following restrictions should apply to all pending and future filings by Drake in this district:

1. In addition to paying the Court's filing fee, Drake must post a $1,000 contempt bond with the Clerk of Court. In this case, he should post the required bond within fourteen days of the District Judge's adoption of this recommendation, or as ordered by the District Judge. The Clerk shall not issue a summons on any complaint filed without the required bond, without an order from the Court. If Drake posts the required bond, the Clerk shall process the

Complaint, including issuing the summons, according to normal procedures. This bond will be held by the Clerk and, if Plaintiff has conducted the affairs in his case appropriately,[3] the bond will be returned to him at its conclusion;

2. If Drake fails to post a contempt bond, the Court will review the Complaint and determine whether it states a claim for relief that is plausible on its face, any Complaint failing to state a facially plausible claim will be **DISMISSED** without any further judicial action 30 days from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing it. If no order is

---

[3] Given his past conduct, the Court advises plaintiff that redundant litigation, *i.e.* filing multiple substantially identical claims against a single defendant, will be construed as misconduct and result in the forfeiture of any litigation bond he posts to file those claims.

forthcoming, then 30 days after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Drake that his case has been dismissed without prejudice.

3. The Clerk shall not docket any further motions or papers in this case until receipt of the required bond. The Clerk also shall not docket any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal shall be returned to Drake unfiled. If Drake files a notice of appeal, the Clerk shall forward a copy of this Report and Recommendation, the final disposition of this case by the district judge, the notice of appeal, and the dismissed complaint to the Court of Appeals. Drake shall remain responsible for appellate filing fees or he may move this Court to grant *in forma pauperis* status on appeal.

4. To ensure that all future pleadings filed by Drake are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Drake are immediately assigned and forwarded to the presiding district judge

in this case, regardless of which divisional clerk's office receives and dockets the papers.

5. Drake may file a motion to modify or rescind the imposition of these restrictions no earlier than one year from the date of this Report and Recommendation.

6. These filing restrictions do not apply to any criminal case in which Drake is named as a defendant or to any proper application for a writ of *habeas corpus*.[4]

7. Plaintiff must attach to any Complaint he files a signed affidavit swearing that he has read Federal Rule of Civil Procedure 11 and will abide by its provisions.

8. These requirements shall apply to any action transferred or removed to this Court, which Drake files in another United States District Court or state court.  Upon the docketing of the notice of removal or order transferring the case, the Clerk shall notify Drake

---

[4] The Court has been successfully managing other serial filers with this method. See, e.g. *Oliver v. Lyft. Inc.*, CV4:19-063, doc. 113 (S.D. Ga Oct. Sept. 13, 2019) *adopted Oliver v. Lyft*, 2019 WL 5390012 (S.D. Ga. Oct. 21, 2019); *Williams v. Darden*, 2016 WL 6139926 (S.D. Ga. Oct. 21, 2016); *Fields v. Terminal*, 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman*, CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

of his obligation by serving a copy of this Report and Recommendation and the District Judge's final Order upon him. If Drake fails to post the required bond within fourteen days of service of the notice of removal or the transfer order, the Clerk shall follow the procedures outlined above for cases filed without a contempt bond.

The Court construes Drake's response and letters as a motion for recusal. *See* doc. 6; doc 7; & doc. 8. Plaintiff bases his objections to the undersigned's continued involvement in this case on his disagreement with the show cause order[5] and unsubstantiated, and wholly conclusory, assertions of racial bias and conspiracy.[6] *See* doc. 6. He suggests that I

---

[5] For the sake of clarity, the Court notes that the show cause order did not impose restrictions upon Drake but, rather, directed him to explain why his decision to file in this district as opposed to a seemingly more proper venue should not be construed as an attempt to circumvent the orders of another court and why those restrictions should not be observed. *See* doc. 5.

[6] Drake appears to have a pattern of seeking recusal from judges who issue orders or findings adverse to his myriad suits. *See, e.g., Drake v. Ramos, et al.*, CV4:15-2352, doc. 6 (S.D. Tx. Aug. 24, 2015) (seeking the recusal of a federal judge after his claim was dismissed pursuant to 28 U.S.C. 1915(e) for failure to state a claim); *Drake v. Nordstrom Dep't Store*, CV3:18-471, doc. 7 at 2 (N.D. Tex. Mar. 5, 2018) (seeking disqualification of a federal magistrate judge who ordered Drake to supplement his application to proceed *in forma pauperis* and complete a case information questionnaire in a prior litigation); *Drake v. JWN, Inc., et al.*, CV2:18-026, doc. 31 (S.D. Ga. Aug. 27, 2018) (seeking recusal after a federal judge denied discovery motions and a request for a hearing and dismissed a party on *res judicata* grounds); *Drake v. Sometimes Spouse, LLC*, CV6:18-068, doc. 5 (S.D. Tex. Mar. 16, 2018) (seeking recusal

have conspired with judges in the Eastern District of Texas and, in his accompanying letter to Chief Judge Hall and Judge Baker, alludes to his belief that my order was motivated by "racism or ignorance," though he provides no justification for these beliefs.[7]  *Id.* at 2, 3.  Drake has also sought to add the undersigned as a party to this action and has threatened future litigation in "yet another federal court."[8]  *See* doc. 6; doc. 7.

---

of federal magistrate judge who denied *in forma pauperis* status due to prior abusive filing tactics).

[7] Drake's motions for recusal in other cases are also riddled with unsubstantiated and hyperbolic claims of incompetence, racism, and conspiracy.  *See, e.g., Drake v. Ramos, et al.*, CV4:15-2352, doc. 6 (S.D. Tx. Aug. 24, 2015) ("It is plaintiff's opinion, that [federal judge's], one of the most impartial [sic] federal judges in America actions has been bias towards him in the above action.") *compare with Drake v. Nordstrom Dep't Store*, CV3:18-471, doc. 7 at 2 (N.D. Tex. Mar. 5, 2018) (referring the same federal judge as "a competent and impartial judge"); *Drake v. Nordstrom Dep't Store*, CV3:18-471, doc. 7 at 2 (N.D. Tex. Mar. 5, 2018) (alleging that a federal magistrate judge acted as "a white supremacist wanting to play games with a 'Colored' litigant" in requiring plaintiff to supplement his motion to proceed *in forma pauperis* and complete a case information questionnaire in a prior litigation); *Drake v. Sometime Spouse, LLC*, CV6:18-68, doc. 5 (W.D. Tex. Mar. 16, 2018) (alleging that federal magistrate judge was "led by deep-seated racism" and acted as "a white supremacist wanting to play games with a "Colored" litigant in dismissing a prior case); *Drake v. JWN, Inc., et al.*, CV2:18-026, doc. 31 (S.D. Ga. Aug. 27, 2018) (alleging that a federal judge was racially motivated and had *ex parte* contact with "possibly several people outside of the Court, including previous attorneys for [defendant] to judges in the Southern District of Texas."); CV1:19-2669, doc. 2 at 2 (Dist. Md. Oct. 17, 2019) (alleging that a federal judge was "conspiring with the Clerk of Court against *pro se* litigants [sic] cases" when clerk of court did not issue summons without the judge's direction).

[8] Drake claims to have already refiled this case in 24 different courts.  Doc. 7.  It is unclear if the undersigned was named as an additional party in those filings.  As Drake cannot be domiciled in 24 different federal districts simultaneously, the Court

Two federal statutes govern judicial disqualification due to conflict of interest—28 U.S.C. §§ 144 and 455. *United States v. Berger*, 375 F.3d 1223, 1227–28 (11th Cir. 2004). The first, 28 U.S.C. § 144, requires a party seeking recusal to file "a timely and sufficient affidavit" outlining the judge's alleged "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. As Drake has not provided a sufficient affidavit, this statute is inapplicable. *See Berger*, 375 F.3d at 1227. Neither the response nor the letters are sworn statements. *See* doc. 6; doc. 7 *see also* 28 U.S.C. § 1746 (providing requirements for unsworn affidavits). Even if his submission was properly submitted, it provides no example of the undersigned's alleged bias beyond Drake's disapproval of the Court considering whether his status as a vexatious litigant by other districts has relevance to his ability to bring cases in this district. Though

---

presumes that he is continuing his past pattern of establishing local post office boxes in an attempt to establish venue. *See, e.g. Drake v. Fuji Heavy Indus. Ltd., et al.*, CV2:19-337, doc. 1-1 (S.D. Ala. Jul. 8, 2019) (address provided was a post office box in Selma, Alabama and attempts to correspond by mail were returned as undeliverable); *Vondrake v. Toyota Motor Sales, USA Inc., et al.*, MC4:18-1357, doc. 1-2 at 1 (S.D. Tex. May 10, 2018) (address provided was a post office box in Houston, Texas and attempts to correspond via post were returned as undeliverable); *Drake v. ACCC Inx. Co.,* CV2:18-098, doc. 1-4 (S.D. Ga. Aug. 16, 2018) (address provided was a post office box in Saint Simons, Georgia and attempts to correspond via post were returned as undeliverable; address was changed to a post office box in Dallas, Texas based on notice of appeal).

Drake might think the Court's efforts at preventing abuse are terroristic, *see* doc. 6 at 3 ("I see [Judge] Ray no different than the terrorist who flies aircraft into buildings or other acts of violence."), his objection does not warrant recusal under § 144.

The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987), *superseded by statute on other grounds as recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1254 (11th Cir. 2018). As none of the grounds for mandatory disqualification enumerated under § 455(b) are applicable in this case, the only remaining justification for disqualification is if my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This requires consideration of whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (*quoting Parker v. Connors Steel, Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 540 U.S. 1149 (2004)). "Bias sufficient to disqualify a judge under section

455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (*quoting United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are more correctly "grounds for appeal, not for recusal." *Liteky v. United States*, 510 v. 540, 555 (1994); *see also Bryne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2011) ("Precedent clearly holds that adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.") *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). Again, as Drake has articulated no grounds for questioning the impartiality of the Court beyond his disagreement with the show cause order, recusal is not warranted under § 455.

In summary, the Court **RECOMMENDS** that the above described filing restrictions be imposed in all pending and future cases brought by Drake in this district.[9]  Drake's motion for recusal is **DENIED**.  Doc. 6.

---

[9] The Court has identified two currently pending cases involving Drake in this district: *Drake v. Travelers Commercial Ins. Co.*, CV 4:20-099 (S.D. Ga. May 6, 2020) and *Drake v. 7-Eleven, et al.*, CV 4:19-208 (S.D. Ga. Aug. 23, 2019).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections, the Court's show cause order of May 8, 2020, doc. 5, and plaintiff's response of May 19, 2020, doc. 6, to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of May, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA